UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 10-601 CAS (AGRx) | Date | June 3, 2010 |
| Title | MAYRA AGUILAR, et. al. v. UNION PACIFIC RAILROAD COMPANY, et. al. | | |

| | |
|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER |

| | | |
|---|---|---|
| CATHERINE JEANG | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not present | Not present |

**Proceedings:** **(In Chambers:) ORDER TO SHOW CAUSE RE: WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

## I. INTRODUCTION

On February 22, 2010, plaintiffs Mayra Aguilar, et. al. filed the instant action against defendants Union Pacific Railroad Company; GATX Corporation; GATX Rail Locomotive Group ("GATX Rail"); GATX Chemical Logistics, Inc.; J.R. Simplot Company; Olin Corporation ("Olin"); ACF Industries, Inc. ("ACF"); AG Processing, Inc.; and Does 1 through 100, alleging claims for: (1) premises liability; (2) negligence; (3) violation of California Public Utilities Code Section § 2106; (4) negligence per se; (5) gross negligence—wanton and willful misconduct; and (6) products liability—failure to warn. Plaintiffs allege that they are entitled to damages resulting from injuries caused by defendants' derailing of twenty-eight railcars, of which six allegedly contained toxic chemicals. Compl. ¶ 343. On April 23, 2010, defendant Olin removed the instant action from the Riverside County Superior Court to this Court on the basis of diversity jurisdiction.

## II. LEGAL STANDARD

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc.,980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-601 CAS (AGRx) | Date | June 3, 2010 |
|---|---|---|---|
| Title | MAYRA AGUILAR, et. al. v. UNION PACIFIC RAILROAD COMPANY, et. al. | | |

Jurisdiction founded on diversity requires that parties be in complete diversity and that the amount in controversy exceeds $75,000. Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("the district courts shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a), 1332(c)(1). A business organized as a corporation, for diversity purposes, is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has a principal place of business."[1] Hertz Corp. v. Friend, No. 08-1107, 2010 U.S. LEXIS 1897, at *8 (Feb. 23, 2010).

## III. DISCUSSION

In the instant case, plaintiffs allege that they are California citizens. Compl. ¶¶ 1-322. However, defendant Olin alleges that complete diversity exists between the parties, despite stating that defendants GATX Rail and ACF are California corporations.[2] Notice of Removal at 13. To the extent that both GATX Rail and ACF are California corporations, there does not appear to be complete diversity between the parties. Moreover, plaintiff does not make any claims in the complaint that there exists a federal question, pursuant to 28 U.S.C. § 1331.

As such, it appears that the Court lacks jurisdiction to hear the instant case because complete diversity does not exist between the parties. Accordingly, defendants are hereby ORDERED to SHOW CAUSE in writing on or before **June 21, 2010**, why the

---

[1] The Supreme Court recently clarified that "principal place of business" refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which will typically be found at is corporate headquarters. Hertz Corp. v. Friend, No. 08-1107, 2010 U.S. LEXIS 1897, at *8-9 (Feb. 23, 2010).

[2] However, defendant Olin also alleges that defendants GATX Rail and ACF are citizens of New York, Illinois, and Delaware. Notice of Removal at 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-601 CAS (AGRx) | Date | June 3, 2010 |
|---|---|---|---|
| Title | MAYRA AGUILAR, et. al. v. UNION PACIFIC RAILROAD COMPANY, et. al. | | |

instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |