UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-601 CAS (AGRx) | Date | July 2, 2010 |
|---|---|---|---|
| Title | MAYRA AGUILAR, et al. v. UNION PACIFIC RAILROAD COMPANY, et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) PLAINTIFFS' MOTION TO REMAND UNDER 28 U.S.C. § 1447(c) (filed 5/27/10)

**DISCHARGING ORDER TO SHOW CAUSE RE: WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 12, 2010, is hereby vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

On February 22, 2010, plaintiffs Mayra Aguilar, et al., filed the instant action in Riverside County Superior Court against defendants Union Pacific Railroad Company; GATX Corporation; GATX Rail Locomotive Group; GATX Chemical Logistics, Inc.; J.R. Simplot Company; Olin Corporation ("Olin"); ACF Industries, Inc.; AG Processing, Inc.; and Does 1 through 100, alleging claims for: (1) premises liability; (2) negligence; (3) violation of Cal. Pub. Util. Code § 2106; (4) negligence per se; (5) gross negligence—wanton and willful misconduct; and (6) products liability—failure to warn. Plaintiffs allege that they are entitled to damages resulting from injuries caused by defendants' derailing of twenty-eight railcars, of which six allegedly contained toxic chemicals. Compl. ¶ 343. On April 23, 2010, defendant Olin removed the instant action to this Court on the basis of diversity jurisdiction.

On May 27, 2010, plaintiffs filed the instant motion to remand. On June 2, 2010,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-601 CAS (AGRx) | Date | July 2, 2010 |
|---|---|---|---|
| Title | MAYRA AGUILAR, et al. v. UNION PACIFIC RAILROAD COMPANY, et al. | | |

the Court issued an order to show cause as to why the instant action should not be remanded for lack of subject matter jurisdiction. On June 14, 2010, Olin filed its opposition and its response to the order to show cause. As of the date of this order, plaintiffs have not filed a reply. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Jurisdiction founded on diversity requires that the parties be in complete diversity and that the amount in controversy exceeds $75,000. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."). Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a), 1332(c)(1). A business organized as a corporation, for diversity purposes, is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has a principal place of business."[1] Hertz Corp. v. Friend, No. 08-1107, 2010 U.S. LEXIS 1897, at *8 (Feb. 23, 2010).

## III.   DISCUSSION

---

[1] The Supreme Court recently clarified that "principal place of business" refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which will typically be found at its corporate headquarters. Hertz Corp. v. Friend, No. 08-1107, 2010 U.S. LEXIS 1897, at *8-9 (Feb. 23, 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-601 CAS (AGRx) | Date | July 2, 2010 |
|---|---|---|---|
| Title | MAYRA AGUILAR, et al. v. UNION PACIFIC RAILROAD COMPANY, et al. | | |

Plaintiffs contend that removal to this Court was improper for the following reasons: (1) defendants ACF Industries, Inc. and GATX Rail Locomotive Group are California citizens, so complete diversity between the parties does not exist; (2) not all defendants joined in the removal; and (3) no federal question is involved in the action.[2] Mot. at 3. Defendant Olin, responds that (1) complete diversity exists between the parties, (2) that all defendants have properly joined the removal; and (3) that whether jurisdiction exists under federal question is not at issue because Olin does not rely upon federal question as a basis for removal jurisdiction. Opp'n at 2. Plaintiff's arguments are considered in turn.

### A.    Complete Diversity

Plaintiffs argue that complete diversity does not exist between all plaintiffs and all defendants in the instant action. Mot. at 9-10. In support of this argument, plaintiffs allege that all plaintiffs are California citizens and that defendants ACF Industries, Inc. and GATX Rail Locomotive Group are also California citizens, as they are either incorporated in California or their principle places of business are located in California. Compl. ¶¶ 1-322; Mot. at 10.

Olin responds that the presence of defendants ACF Industries, Inc. or GATX Rail Locomotive Group does not defeat diversity jurisdiction because both entities were erroneously sued by plaintiffs. Opp'n at 2, 7, 9. Olin contends that ACF Industries, Inc. cannot be the properly named defendant because it is a California corporation in the business of installing consumer appliances and filtration systems, and thus it had no connection whatsoever with the railroad industry or the derailment of the traincars that is central to the instant action. Id. at 7; Plasse Decl. ¶ 4. According to Olin, ACF Industries, LLC—not ACF Industries, Inc.—was in fact the entity operating as a manufacturer of railcars at the time of the derailment. Opp'n at 8; Cozza Decl. ¶ 3. Olin argues that had plaintiffs properly joined ACF Industries, LLC, complete diversity would still exist because ACF Industries, LLC is a citizen of Delaware and New York. Opp'n at 8-9. As to GATX Rail Locomotive Group, Olin argues that it was also improperly joined

---

[2] Plaintiffs do not contest that the amount in controversy exceeds $75,000. See Mot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-601 CAS (AGRx) | Date | July 2, 2010 |
|---|---|---|---|
| Title | MAYRA AGUILAR, et al. v. UNION PACIFIC RAILROAD COMPANY, et al. | | |

because no such entity exists.  Id. at 9.  Olin argues, instead, that the entity GATX Rail Locomotive Group, L.L.C. is the properly named defendant, and that because it is a citizen of New York and Illinois, complete diversity between the parties exists.  Id. at 9-10.

The Court finds that because complete diversity exists as to the properly named parties in the action, plaintiffs' motion to remand on this basis is denied.

### B. Joinder of All Defendants in Removal

Plaintiffs assert that not all defendants have joined the removal.  Mot. at 2. Plaintiffs argue that Olin's failure to obtain consent from the remaining defendants, or to explain why consent is not necessary, renders its notice of removal "inadequate as a matter of law."  Mot. at 3 (citing Egle Nursing Home, Inc. v. Erie Ins. Group, 981 F. Supp. 932, 936 (D. Md. 1997)).

Olin responds that the cases relied upon by plaintiffs are not followed by the Ninth Circuit and that pursuant to Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1224-25 (9th Cir. 2009), the Ninth Circuit requires only that one attorney of record sign the notice of removal and certify that the remaining defendants consent to removal.  Opp'n at 11, 12.  Accordingly, Olin argues that, as in Proctor, all defendants in the instant action have properly joined the removal because the Notice of Removal stated that "[a]ll [d]efendants consent to removal of this action by Olin," and was signed and filed by one of Olin's attorneys of record.  Id. at 12; Notice of Removal at 18.

Based on Olin's averment that all defendants consent to the removal, the Court finds that all defendants have properly joined in the removal.  See Proctor 548 F.3d at 1224-25.  Thus, the Court denies plaintiffs' request to remand on this basis.

### C. Federal Question Jurisdiction

Because jurisdiction over the instant action is founded on complete diversity, under 28 U.S.C. § 1332(a)(1), the Court need not reach the merits of plaintiffs' argument that there exists no federal question.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-601 CAS (AGRx) | Date | July 2, 2010 |
|---|---|---|---|
| Title | MAYRA AGUILAR, et al. v. UNION PACIFIC RAILROAD COMPANY, et al. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES plaintiffs' motion to remand for lack of subject matter jurisdiction and discharges the order to show cause issued on June 2, 2010.

IT IS SO ORDERED.

00  :  00

Initials of Preparer     CMJ